UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GRETCHEN BAILEY,

                           *Plaintiff*,


                v.

                                                          Civ. No. 1:21-CV-01203



ELLICOTT DEVELOPMENT OF BUFFALO, LLC,
ELLICOTT DEVELOPMENT COMPANY,
10 ELLICOTT SQUARE COURT CORPORATION,
WILLIAM PALADINO,
and CARL PALADINO,

                           *Defendants*.

_____


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO**
**<u>DEFENDANTS' MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................... 4

BACKGROUND ................................................................................................................. 4

LEGAL STANDARD .......................................................................................................... 5

ARGUMENT ...................................................................................................................... 6

I.    Defendants' Motion with respect to the Plaintiff's Hostile Work Environment must be denied. ........................................................................................................................ 6

A.   Defendants recite the wrong law to support a deliberately abbreviated quote of the Verified Complaint to make their argument. ........................................................................ 6

B.   Defendants cite two cases they mistakenly believe excise discrete acts of discrimination from hostile work environment claims when those cases support Plaintiff's case in chief. 8

i.    Morgan expressly includes discrete acts of discrimination in hostile work environment claims. ......................................................................................................................... 9

ii.   Gregory also supports discrete acts support hostile work environment claims and has an analogous fact patter to Plaintiff's Verified Complaint. ..................................................... 10

II.   Defendants' Title VII arguments fail to identify the Plaintiff's claims and recite the wrong law, again. ...................................................................................................................... 11

A.   Defendants' papers fail to identify Plaintiff's Title VII claim entirely and argue against a strawman for four pages. ......................................................................................................... 11

B.   Defendants recite the incorrect law for a retaliation claim and mistakenly believe the threshold is membership in a protected class. .................................................................... 12

III.  Defendants, again, recite the incorrect law when arguing against Plaintiff's Americans With Disabilities Act Causes of Action for 5th Retaliation (the Fifth Cause of Action) and Hostile Work Environment  (the Eighth Cause of Action). ........................................................... 13

A.   Membership in a protected class is not an element of a retaliation claim – opposing unlawful employment practices is. .................................................................................................. 13

B.   Defendants' own citations to the prima facie case for Hostile Work Environment defeats their argument for dismissal of Plaintiff's claim. .............................................................. 14

CONCLUSION ................................................................................................................... 15

# TABLE OF AUTHORITIES

## Cases

*AMTRAK v. Morgan,*
    536 U.S. 101 (2002) ............................................................... 8
*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ............................................................... 4
*Boykin, supra* ............................................................................ 7
*Cruz v. Coach Stores, Inc.,*
    202 F.3d 560 (2d Cir.2000) ................................................. 13
*Erickson v. Pardus,*
    551 U.S. 89 (2007) ............................................................... 5
*Forrest v. Jewish Guild for the Blind,*
    3 N.Y.3d 295 (2004) .......................................................... 6-7
*Goldstein v. Pataki,*
    516 F.3d 50 (2d Cir. 2008) ................................................... 4
*Green v. Brennan,*
    136 S.Ct. 1769, n. 7 (2016) .................................................. 8
*Gregory v. Daly,*
    243 F.3d 687 (2nd Cir. 2001) .......................................... 4, 8, 9
*Littlejohn v. City of New York,*
    795 F.3d 297 (2nd Cir. 2015) .............................................. 10
*McDonnell Douglas. Boykin v. KeyCorp.,*
    521 F.3d 202 (2d Cir. 2008) ................................................. 5
*Scheuer v. Rhodes,*
    416 U.S. 232 (1974) ............................................................. 4
*Schnabel v. Abramson,*
    232 F.3d 83 (2d Cir. 2000) ................................................... 7
*Sykes v. Bank of America,*
    723 F.3d 399 (2d Cir. 2013) ................................................. 4
*Twombly,*
    550 U.S. ............................................................................ 4, 5
*Vega v. Hempstead Union Free Sch. Dist.,*
    801 F.3d 72  (2nd Cir. 2015) .......................................... 11, 12

## Statutes

42 U.S.C. § 2000e-2 ................................................................. 8
Executive Law 296 ................................................................... 6
Fed.R.Civ.P. 12 ........................................................................ 4
Rule 8 ...................................................................................... 5
Rule 12 .................................................................................... 4

## INTRODUCTION

Plaintiff submits this Memorandum of Law in response to Defendants' Motion to Dismiss [Docket. No. 6-1].  Defendants' motion asks this Court to dismiss Plaintiff's Second, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action contained in the Verified Complaint.  Accordingly, Defendants do not move to dismiss Plaintiff's First, Third, Ninth, and Tenth Causes of Action.

Defendants argue for dismissal by misquoting the Verified Complaint to serve their arguments, which are supported by mistaken references to the wrong laws, the wrong standards, or to cases that, but for the abbreviated quotes of the Defendants, are plainly supportive of Plaintiff's pleadings.

Plaintiff submits that Defendants have failed to meet their burden in order to dismiss the Complaint, and that Defendants' motion should be denied.


## BACKGROUND

Plaintiff was formerly the Chief Financial Officer for the Defendants.  While she was employed by Defendants Plaintiff discovered that her pay was substantially less than her male peers.  Accordingly, she asked for a raise in the summer of 2018.  This request was denied. Subsequent to her request, Plaintiff was subject to a steady stream of vitriolic statements from her direct supervisor, Defendant Carl Paladino.  Defendant Paladino implied that Plaintiff could be murdered, labeled the Plaintiff as a socialist, and when she protested, told her that she was "touchy."  Plaintiff also objected to practices by the Defendants that were illegal regarding the application of employee sick leave, salaries across employee groups, and other areas.  Despite Defendants' denials and harassment, Plaintiff continued to request raises and pay increases.  For this, she was terminated.

## **LEGAL STANDARD**

On a motion to dismiss under Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)"), the court looks to the four corners of the complaint and is required to accept the plaintiff's allegations as true and to construe those allegations in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008) (court is required to liberally construe the complaint, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor).

The burden on the movant on a motion to dismiss under Rule 12(b)(6) is one of clarity as "bald assertions and conclusions of law are not adequate, and a complaint consisting [only of] naked assertions, and setting forth no facts upon which a court could find a violation of the Civil Rights Acts, fails to state a claim under Rule 12(b)(6)." Gregory v. Daly, 243 F.3d 687, 692 (2nd Cir. 2001) citing Yusuf v. Vassar College, 35 F.3d 709, 713 (2d Cir. 1994).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim will have 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Sykes v. Bank of America, 723 F.3d 399, 403 (2d Cir. 2013) (quoting Ashcroft, 556 U.S. at 678); see Twombly, 550 U.S. at 570 (the complaint must plead "enough facts to state a claim to relief that is plausible on its face").

To survive a motion to dismiss, however, a plaintiff asserting employment discrimination claims "need not allege 'specific facts establishing a *prima facie* case of discrimination'" under *McDonnell Douglas*. Boykin v. KeyCorp., 521 F.3d 202, 212 (2d Cir. 2008) (quoting

Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002)). Specifically, "the *McDonnell Douglas* burden-shifting framework 'is an evidentiary standard, not a pleading requirement' . . . [such] that to require more than Rule 8(a)'s 'simplified notice pleading standard' would unjustly impose a heightened pleading requirement on the plaintiff." Boykin, 521 F.3d at 212 (quoting Swierkiewicz, 534 U.S. at 510, 512-13).

Regardless of whether Plaintiff's employment discrimination claims are disparate treatment or retaliation claims subject to the *McDonnell Douglas* burden-shifting analysis, or hostile work environment claims requiring a showing that the workplace was so permeated with discrimination as to alter the conditions of employment, "[a]sking for plausible grounds to infer [employment discrimination] does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [employment discrimination]." Twombly, 550 U.S. at 556. "Specific facts are not necessary," because the plaintiff "need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555).

## **ARGUMENT**

### I. **Defendants' Motion with respect to the Plaintiff's Hostile Work Environment must be denied.**

#### A. **Defendants recite the wrong law to support a deliberately abbreviated quote of the Verified Complaint to make their argument.**

Defendants make vague assertions regarding the basis of the motion to dismiss Plaintiff's Sixth Cause of Action regarding her state hostile work environment claim. Defendants' papers appear to claim that the Verified Complaint fails to allege severe or pervasive conduct as the

Defendants state that "no actionable claim exists in the absence of a stead barrage of opprobrious [discriminatory] comments" and "[i]ndeed, only a few or sporadic such comments… do not give rise to an actionable claim for hostile work environment" [Docket No. 6-1, pg. 8] and cite to the egregious nature of a case Defendants claim is analogous [Docket No. 6-1, pg. 9].

Defendants do not grasp what the laws of the State of New York require.  It is an unlawful discriminatory practice within the State of New York:

> For an employer, licensing agency, employment agency or labor organization to subject any individual to harassment because of an individual's age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, domestic violence victim status, or because the individual has opposed any practices forbidden under this article or because the individual has filed a complaint, testified or assisted in any proceeding under this article, **regardless of whether such harassment would be considered severe or pervasive under precedent applied to harassment claims**.

> Executive Law 296(1)(h)(emphasis added).

As stated in the Verified Complaint itself, New York State law does not require severe or pervasive conduct in a hostile work environment claim.  [Docket No. 1, para. 68].  As a result, the motion must be denied upon these grounds.

To the extent that this Court extends a generous interpretation of Defendants' papers to include the potential of an implied claim that Defendants argue that the pleadings do not satisfy an objective standard, such a claim must also be denied.

First, as Defendants note, such objective or subjective interpretation is not a part of the *prima facie* case they refer to in their own papers.  [Docket No. 6-1, pg. 8 "a discriminatory hostile work environment exists where "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Forrest v. Jewish Guild for

the Blind, 3 N.Y.3d 295, 310 (2004) (internal citations and quotations omitted).")]  As held in *Boykin*, *supra*, Plaintiff does not need to establish even a *prima facie* case.

But more importantly, Defendants omit the pertinent parts of the pleadings in order to make their claim that this cause of action should be dismissed.  Notably, Defendants completely fail to recite that Plaintiff states the hostile work environment was based upon, specifically, the "harassing statements **and** denial of her requests for raises or fair compensation."  [Docket No. 1, para. 69](emphasis added).  Courts interpret claims with a view for a totality of the circumstances and that is no different here.  See, Schnabel v. Abramson, 232 F.3d 83, 88 (2d Cir. 2000) (quoting Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 143, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)).  The failure to compensate Plaintiff like her male peers is clearly an objective discriminatory act and imputes a gender basis.  Defendants' willful omission of the pleadings is an attempt at obfuscation which unfortunately only weakens an already desperate argument.  Accordingly, this motion regarding this claim should be denied.

### B. Defendants cite two cases they mistakenly believe excise discrete acts of discrimination from hostile work environment claims when those cases support Plaintiff's case in chief.

Similarly, the Defendants assert that the Plaintiff's Seventh Cause of Action for a sex-based hostile work environment claim must fail because "the essence of a hostile work environment claim is that the harm is not the result of tangible employment actions such as the denial of pay raises or promotions."  [Docket No. 6-1, pgs. 10-11].  Defendants then claim that the only acts that comprise a hostile work environment are Defendants' statements, and that they are not sufficiently severe or pervasive nor contain any gender bias as required by federal law.  [Docket No. 6-1, pg. 11].  This compartmentalization turns hostile work environment law on its head, is wrong, and is disproven by Defendants' own citations.

### i. Morgan expressly includes discrete acts of discrimination in hostile work environment claims.

For their argument, Defendants rely upon two cases: <u>AMTRAK v. Morgan</u>, 536 U.S. 101 (2002) and <u>Gregory v. Daly</u>, 243 F.3d 687 (2nd Cir. 2001).  Notably, Defendants do not include *Morgan* in the brief's table of authorities.  Perhaps the reason for its omission is because the holding of *Morgan* is not what the Defendants represent it to be.

Defendants claim that *Morgan* holds that discrete acts of discrimination cannot comprise a claim of hostile work environment.  [Docket No. 6-1, pg. 10].  This is false.  *Morgan* states that discrete acts are inclusive of hostile work environment claims as:

> "We have repeatedly made clear that although [Title VII] mentions specific employment decisions with immediate consequences, the scope of the prohibition **'is not limited** to "economic" or "tangible" discrimination, and that it covers more than 'terms' and 'conditions' in the narrow contractual sense.  As the Court stated in *Harris*, "the phrase 'terms, conditions, or privileges of employment' [of 42 U.S.C. § 2000e-2(a)(1)] evinces a congressional intent 'to strike at the entire spectrum of disparate treatment of men and women' in employment, which includes requiring people to work in a discriminatorily hostile or abusive environment."

*Morgan* at 115 (emphasis added)(internal citations omitted).

*Morgan* concludes that "Workplace conduct is not measured in isolation . . . .." Id.  *Morgan* then goes on to analyze statutes of limitation for its holding, which is completely inapplicable here.  As a result this case fails to support the Defendants' motion but rather bolsters the Plaintiff's pleadings.

And *Morgan* is no mere outlier, as the Supreme Court cited *Morgan* when the Court reaffirmed that a discrete act "could still be used as part of the basis for a hostile-work-environment claim, so long as one other act that was part of that same hostile-work-environment claim occurred within the limitations period."  *Green v. Brennan*, 136 S.Ct. 1769, 1781, n. 7 (2016).

  **ii.**  **Gregory also supports discrete acts support hostile work environment claims and has an analogous fact patter to Plaintiff's Verified Complaint.**

  Nor is relief found in *Gregory* either as it does also includes tangible employment actions within the orbit of hostile work environment claims as it states "harms suffered in the workplace are cognizable under Title VII, even when they are not the result of "tangible employment actions," if they arise from conduct that is "objectively" severe or pervasive." <u>Gregory at </u>691.

  In fact, *Gregory* also supports the Plaintiff's case by stating unequivocally "Gregory's pleadings allege a continuous, escalating pattern of conduct that began with insulting and ominous talk and then increasingly took the form of concrete interference with her job functions (all of which was serious enough to constitute a hostile work environment), and finally culminated in tangible employment actions, including her termination." <u>Gregory v. Daly</u>, 243 F.3d 687, 697.

  Here, Plaintiff alleges that the verbal statements by Defendants preceded the tangible employment actions that show a discriminatory bias. She was harassed by her supervisors before she was denied equal pay rates and raises that the males received and chastised for commenting on the Defendants' sick leave and disability policies. Plaintiff's experience is analogous to the *Gregory* plaintiff, and Gregory supports the Plaintiff's pleadings.

  Regarding the unsupported claim in the Defendants' motion that the Plaintiff fails to claim a discriminatory bias for the hostile work environment claims, Gregory clearly states that "[n]othing in our Title VII jurisprudence, however, requires a plaintiff to append to each allegation of harassment the conclusory declaration "and this was done because of my sex. Instead, what is needed is the allegation of factual circumstances that permit the inference that plaintiff was subjected to a hostile work environment because of her sex." <u>Gregory v. Daly</u>, 243 F.3d 687, 694 quoting <u>Oncale</u>, 523 U.S. at 80-81. *Gregory* goes on to explain "Similarly, this court has found

workplace situations discriminatory under a hostile work environment theory where the conduct at issue, though lacking any sexual component or any reference to the victim's sex, could, in context, reasonably be interpreted as having been taken on the basis of plaintiff's sex." Gregory at 695, collecting cases.  Such an analysis is applicable here and must result in a denial of the Defendants' motion.

In sum, as the Verified Complaint alleges that hostile work environment is based upon "harassing statements and denial of her requests for raises or fair compensation" [Docket No. 1, para. 69] and Defendants are unable to separate the discrete acts from the statements and thus fail to support their motion to dismiss. Accordingly, the motion must be denied.

## II.   Defendants' Title VII arguments fail to identify the Plaintiff's claims and recite the wrong law, again.

### A.  Defendants' papers fail to identify Plaintiff's Title VII claim entirely and argue against a strawman for four pages.

Defendants claim that Plaintiff's Second Cause of Action "appears to be EDC's election to terminate Plaintiff's employment."  [Docket No. 6-1, pg. 14].  Defendants spend four pages of their brief arguing that Plaintiff's termination is not sufficient under a Title VII claim.

A cursory reading of the Verified Complaint shows that the Second Cause of action for sex-based discrimination is for the disparate pay.  [Docket No. 1 paras. 49-60].  Thus, Defendants' arguments can be discarded.

Furthermore, Defendants concede that the allegations within the complaint regarding sex-based disparate pay are duly plead as they recite the caselaw which affirms Plaintiff's pleadings, stating "[a] plaintiff may support an inference of the link between racial [*sic*] animus and adverse treatment by, among other ways, alleging (1) that similarly situated employees of a different gender were treated more favorably than the plaintiff…" [Docket No. 6-1, pg. 15 citing Littlejohn

v. City of New York, 795 F.3d 297, 311 (2nd Cir. 2015)].  Therefore, the details in the Verified

Complaint alleging that Plaintiff was paid less than her male peers [Docket No. 1 paras. 49-60]

satisfies the pleading elements for Plaintiff's Title VII claim.

### B. Defendants recite the incorrect law for a retaliation claim and mistakenly believe the threshold is membership in a protected class.

Defendants fold their arguments regarding Plaintiff's Fourth Cause of Action for sex-based

retaliation under the same heading as their arguments for Title VII, a mistake as retaliation has

different elements for a *prima facie* case.

With regard to a Title VII retaliation claim, a plaintiff must allege that: "(1) defendants

discriminated – or took an adverse employment action – against him, (2) 'because' he has opposed

any unlawful employment practice." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72  (2nd

Cir. 2015) quoting 42 U.S.C. § 2000e-3(a).  Notably, membership in a protected class is not an

element of a retaliation claim.

Despite this, Defendants argue that "there are simply no allegations whatsoever supporting

the inference that Plaintiff's salary or her termination were due to gender-based animus, much less

allegations to render her claim plausible under the Twombly/Iqbal standard."  [Docket No. 6-1,

pg. 16].  As addressed *supra*, Plaintiff's allegations that she was paid less than her male peers meet

the standard for Title VII claims as Defendants concede.  However, the threshold in a retaliation

claim is not membership in a protected class but engagement in protected activity.

Regarding all forms of retaliation, whether under New York State law, Title VII, or the

Americans with Disabilities Act, Plaintiff clearly plead that her protected activity was "raising

issues for various employees regarding the Defendants' tally of those employees' sick leave; 2)

complaining to Defendants that their conduct violated various laws; 3) complaining to Defendant

Carl Paladino that Plaintiff was paid less than her male comparator and asking for a raise." [Docket

No. 1, para. 63].  Thus, Plaintiff met her protected activity burden and had so articulated it in the Verified Complaint.  Accordingly, Defendants' motion must be denied.

### III.   Defendants, again, recite the incorrect law when arguing against Plaintiff's Americans With Disabilities Act Causes of Action for 5th Retaliation (the Fifth Cause of Action) and Hostile Work Environment  (the Eighth Cause of Action).

Defendants' motion regarding the Americans with Disabilities Act recites a *prima facie* case of intentional discrimination and asserts the basis of their motion to dismiss is Plaintiff's failure to allege she was a member of the protected class.  [Docket No. 6-1, pgs. 17-18].  However, the Verified Complaint alleges discrimination under the Americans with Disabilities Act as an act of retaliation (Verified Complaint para. 65) and under a hostile work environment theory (Verified Complaint pg. 9).   Therefore, Defendants' standard is incorrect, and the motion must be denied.

### A.  Membership in a protected class is not an element of a retaliation claim – opposing unlawful employment practices is.

Defendants falsely assert that the plaintiff is required to "prove two elements: (1) that she has a physical or mental impairment; and (2) that such impairment substantially limits one or more of her major life activities."  [Docket No. 6-1, pg. 17].  As stated *supra*, Plaintiff is not required to assert a *prima facie* case at the pleading stage, much less "prove" one as Defendants claim.

Moreover, retaliation does not require membership in the protected class as a *prima facie* case of retaliation consists of a showing, again, that "1) defendants discriminated – or took an adverse employment action – against him, (2) 'because' he has opposed any unlawful employment practice." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72  (2nd Cir. 2015) quoting 42 U.S.C. § 2000e-3(a).

Here, the pleading requirement does not demand that the claim include membership within the class.  As stated *supra*, Plaintiff has pled her protected activity and the corresponding adverse

actions for her retaliation claims, including this one.  As the sole basis of the Defendants' motion to dismiss, Defendants' motion necessarily fails.

### B. Defendants' own citations to the prima facie case for Hostile Work Environment defeats their argument for dismissal of Plaintiff's claim.

Defendants also claim that Plaintiff is required to show her membership in a protected class in order to assert her hostile work environment claim under the ADA.  However, as the Defendants previously conceded, "[t]o establish a hostile work environment under federal law, in general, a plaintiff must show that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment." Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir.2000) (internal quotations omitted)."  [Docket No. 6-1, pg. 11].  Therefore, Defendants concede that membership in a protected class is not an element of a hostile work environment claim under the ADA.  Instead, the Verified Complaint is replete with allegations of the discriminatory intimidate, ridicule, and insult that Plaintiff suffered at the hands of the Defendants which were articulated and discussed, *supra*.  Accordingly, as the sole basis of the motion to dismiss only concerned membership in the class, the Defendants' action must fail based on the Defendants' own recitation of the prima facie case of a hostile work environment claim.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion fails to cite the correct legal standards and the relevant portions of the Verified Complaint.  Instead, Defendants' papers attempt to invite this Court to error by misquoting both the law and the facts.  Therefore, Defendants' motion must be denied.

Plaintiff respectfully requests oral argument on this motion and leave to replead should the Court dismiss any causes of action.


Dated:          February 18, 2022
                Buffalo, New York


Respectfully Submitted,


__*s/ William F. Harper V.*_____
William F. Harper V., Esq.
LAW OFFICE OF LINDY KORN PLLC
*Attorneys for Plaintiff*
Electric Tower
535 Washington Street, Ninth Floor
Buffalo, New York 14203
Telephone: (716) 856-5676
Facsimile: (716) 507-8475
wharper@lkorn-law.com